# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF<br>FMT INDUSTRIES, LLC ET AL. | CIVIL ACTION<br><br>No. 23-2388<br>c/w 23-2426<br>REF: 23-2388<br><br>SECTION I |

## ORDER & REASONS

Before the Court is a motion[1] to dismiss claimant Dustin Harris' ("Harris") punitive damages claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by FMT Industries, LLC and Florida Marine, LLC (collectively, "Florida Marine"). Harris opposes the motion and asks for leave to amend his complaint.[2] Florida Marine filed a reply to Harris' opposition.[3] For the reasons set forth below, the Court grants the motion to dismiss.

## I. FACTUAL BACKGROUND

This matter arises out of a collision between the M/V CAROL MCMANUS and the M/V BIG D on January 9, 2023.[4] On July 7, 2023, Florida Marine and the M/V BIG D, *in rem*, filed a complaint for exoneration from and/or limitation of liability.[5] Harris, a deckhand and seaman onboard the M/V BIG D,[6] filed an answer and

---

[1] R. Doc. No. 23.
[2] R. Doc. No. 26.
[3] R. Doc. No. 31.
[4] R. Doc. No. 1, ¶ VI.
[5] *See generally id.*
[6] R. Doc. No. 10, ¶ XVI.

1

complaint in which he asserted claims for negligence and unseaworthiness against Florida Marine.[7]

Harris claims he is entitled to recover: "[p]ast, present, and future medical expenses;" "[p]ast, present, and future lost wages, fringe benefits, and loss of wage earning capacity;" "[p]ast, present, and future physical pain and suffering;" "[p]ast, present, and future mental and emotional pain and suffering;" "[p]ast, present, and future loss of enjoyment of life;" "[p]ermanent disability;" "[p]unitive or exemplary damages;" and "[o]ther damages to proven at the trial of this matter."[8] Harris also makes a demand for maintenance and cure benefits.[9]

In the motion to dismiss, Florida Marine argues that the law does not provide for punitive damages pursuant to the Jones Act and general maritime law.[10] Harris "concedes that he is not entitled to punitive damages based on his claims of negligence, and unseaworthiness under the Jones Act, and the general maritime law."[11] But Harris argues that he is still entitled to punitive damages as he "also asserts a claim for punitive damages due to Florida Marine's wrongful and/or egregious failure to pay maintenance and cure."[12] In reply, Florida Marine argues that Harris is introducing a new claim through his opposition to the motion to dismiss.[13]

---

[7] *Id.*, ¶ ¶ XII, XV.
[8] *Id.*, ¶ XVI.
[9] *Id.*, ¶ XVII.
[10] R. Doc. No. 23-1, at 1.
[11] R. Doc. No. 26, at 2.
[12] *Id.*
[13] R. Doc. No. 31, at 1.

## II.     LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

"Dismissal under rule 12(b)(6) is a judgment on the merits and is typically with prejudice, meaning the plaintiff is precluded from bringing the same claims again." *Williams v. Am. Com. Lines, Inc.*, No. 21-30609, 2022 WL 1652778, at *1 (5th Cir. May 24, 2022).

### III.   ANALYSIS

As mentioned previously, Harris concedes that he is not entitled to punitive damages pursuant to his Jones Act and unseaworthiness claims. Accordingly, the only remaining dispute for the Court to address is whether Harris also asserts a claim for punitive damages based on Florida Marine's failure to pay maintenance and cure.

In his complaint, Harris states he "is entitled to and makes demand for maintenance and cure benefits from Defendants-in-Limitation, and in the event such is not, or has not been timely and properly paid, now or in the future, to receive damages in the form of punitive or exemplary damages, attorney fees, and costs from Defendants-in-Limitation for any wrongful and/or egregious failure to timely and

4

properly pay maintenance and cure, and legal interest thereon."[14] Florida Marine argues that "[t]his is a legal conclusion" and "[a]t no point in his claim, does Harris actually allege that Florida Marine has failed to pay him maintenance and cure."[15] Therefore, Florida Marine argues that Harris is attempting to state a new claim in an opposition to a motion to dismiss, which Florida Marine argues is impermissible.[16]

As noted by Florida Marine, Harris does not allege that Florida Marine has failed to pay him maintenance and cure.[17] Should Harris intend to amend his complaint to allege failure to pay maintenance and cure, he will be given ten days to do so. If Harris fails to amend his complaint within ten days, he will not have a punitive damages claim for failure to pay maintenance and cure unless a future failure to pay maintenance and cure occurs. If that transpires, Harris may request leave of Court to amend his complaint to allege such failure.

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Florida Marine's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. Harris' claim against Florida Marine for punitive damages pursuant to the Jones Act and general maritime law is **DISMISSED WITH PREJUDICE**.

---

[14] R. Doc. No. 10, ¶ XVII.
[15] R. Doc. No. 31, at 3.
[16] *Id.*
[17] *Id.*

**IT IS FURTHER ORDERED** that Harris may file an amended complaint to allege failure to pay maintenance and cure no later than **DECEMBER 22, 2023.**

New Orleans, Louisiana, December 13, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**