UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: THE MATTER OF
FMT INDUSTRIES, LLC ET AL.

CIVIL ACTION

No. 23-2388
c/w 23-2426
REF: 23-2426

SECTION I

**ORDER & REASONS**

Before the Court is a motion[1] filed by petitioner Ingram Barge Company LLC ("petitioner"), as the owner and operator of the M/V CAROL MCMANUS, seeking a default judgment against all non-appearing claimants. For the reasons set forth below, the Court grants the motion.

**I.**

On July 9, 2023, petitioner filed a Complaint for Exoneration from or Limitation of Liability[2] pursuant to 46 U.S.C. § 30501 *et seq.*, Federal Rule of Civil Procedure 9(h), and Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, in connection with the M/V CAROL MCMANUS and its collision with the M/V BIG D. On August 1, 2023, this Court ordered notice to be issued to all persons asserting related claims, requiring such persons to file their claims on or before September 15, 2023.[3]

---

[1] R. Doc. No. 33.
[2] E.D. La. Case No. 23-2426, R. Doc. No. 1.
[3] E.D. La. Case No. 23-2426, R. Doc. No. 7.

Legal notice appeared in *The Advocate/The Times-Picayune* newspaper on August 8, 15, 22, and 29, 2023.[4] As of the date that petitioner filed this motion for default judgment, the following claimants have come forward: "1. Robert Flynt; 2. Dustin Harris; [and] 3. Florida Marine, [LLC], Florida Marine Transporters, LLC, and/or PBC Management."[5] No other claims have been filed against the M/V CAROL MCMANUS.

## II.

Pursuant to Federal Rule of Civil Procedure 55(b), "the Court may enter a default judgment against a party when that party fails to plead or otherwise respond to the plaintiff's complaint within the required time period." *Synergy Bank v. Capt. T.W. Boudreaux M/V*, No. 20-1066, 2020 WL 4732217, at *2 (E.D. La. Aug. 14, 2020) (Africk, J.); *see also In re Daigle Towing Serv., LLC*, No. CV 19-0815, 2021 WL 6973799, at *1 (E.D. La. Mar. 8, 2021) (Vance, J.) (finding default judgment to be appropriate in a limitation of liability action where potential claimants did not file a claim within the monition period). Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions likewise provides:

> Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

---

[4] R. Doc. No. 33-3, at 1.
[5] R. Doc. No. 33, at 2.

Petitioner asserts that it is entitled to a default judgment against all persons or entities who did not timely file a claim for damages or loss. Petitioner complied with the requirements of Supplemental Rule F(4) and this Court's order by publishing notice of the action once a week in *The Advocate/The Times-Picayune* for four successive weeks.[6] The notices stated that all persons asserting related claims were admonished to do so with the Clerk of Court for the United States District Court for the Eastern District of Louisiana on or before September 15, 2023, "or be forever defaulted."[7] Petitioner also notified "all known potential claimants" by mailing the Court's Notice to Claimants and all limitation pleadings to them.[8]

September 15, 2023 has passed, and only Robert Flynt, Dustin Harris, and Florida Marine, LLC, Florida Marine Transporters, LLC, and/or PBC Management filed claims and answers to petitioner's complaint.[9] Accordingly, petitioner is entitled to a default judgment as to all other non-appearing claimants.

For the foregoing reasons,

**IT IS ORDERED** that petitioner's motion is **GRANTED**.

**IT IS FURTHER ORDERED** that any and all parties who did not enter a claim in the above-captioned limitation proceeding are hereby in default and enjoined from entering a claim against petitioner arising out of or in connection with the M/V

---

[6] R. Doc. No. 33-3, at 1.
[7] E.D. La. Case No. 23-2426, R. Doc. No. 7.
[8] R. Doc. No. 33-1, at 1.
[9] R. Doc. No. 33, at 2. Petitioner notes that the claims by Florida Marine, LLC, Florida Marine Transporters, LLC, and/or PBC Management were filed on September 25, 2023, which is after the deadline for filing a claim.

CAROL MCMANUS, as described in the Complaint for Exoneration from and/or Limitation of Liability.[10]

New Orleans, Louisiana, December 19, 2023.

ــــــــــــــــــــــــــــــــــــــــــــــــــــــــــــ
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[10] E.D. La. Case No. 23-2426, R. Doc. No. 1.