**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: THE MATTER OF FMT INDUSTRIES, LLC AND FLORIDA MARINE, LLC AS THE OWNER AND OWNER PRO HAC VICE OF THE M/V BIG D, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO. 23-2388 c/w 23-2426**<br><br>**SECTION: I**<br><br>**JUDGE: AFRICK**<br><br>**MAGISTRATE JUDGE: ROBY**<br><br>***This pleading applies to all cases*** |

**FMT INDUSTRIES, L.L.C., FLORIDA MARINE, LLC, FLORIDA MARINE TRANSPORTERS, LLC AND PBC MANAGEMENT, LLC'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY**

**NOW INTO COURT,** through undersigned counsel, come Petitioners in Limitation, FMT Industries, L.L.C., and Florida Marine, LLC, and Defendant, Florida Marine Transporters, LLC, and Third-Party Defendant, PBC Management, LLC (collectively referred to as "Florida Marine"), who respectfully opposes *Claimant, Dustin Harris' Motion In Limine to Exclude Expert Testimony* (Rec Doc. 70). Mr. Harris very briefly addresses the testimony of Dr. Neil Duplantier and correctly notes that he is not a neurologist. Florida Marine does not intend to offer Dr. Duplantier's testimony as that of a neurologist, but an orthopedic surgeon. For this reason, as more fully established below, Florida Marine respectfully suggests that the motion be denied.

1. **The Expert Testimony of Dr. Duplantier**

Dr. Neil Duplantier is an orthopedic surgeon who will testify regarding Dustin Harris' orthopedic condition, treatment, and prognosis. As part of his overall evaluation of Mr. Harris' claim, Dr. Duplantier reviewed Mr. Harris' complaint that he suffered with headaches and developed seizures after the alleged incident. Dr. Duplantier also evaluated the CT scan of Mr. Harris' head and an MRI of Mr. Harris' brain as part of his review of the pertinent medical documentation. Dr. Duplantier also noted that his "review of symptoms showed positive for headaches, numbness, tingling, seizures, and weakness." These were related to Mr. Harris' "main

complaints." (*See, Dr. Duplantier's Report, (Rec Doc. 70-1, Ex. 3), "History of Present Illness."*) Of note, Dr. Duplantier's evaluation of Mr. Harris was predominantly for lower back pain.

Florida Marine does not intend to introduce Dr. Duplantier as an expert in the specialty of neurology. To the extent his testimony touches upon neurological issues, such testimony can be categorized as an observation made by a qualified orthopedist in his treatment of Mr. Harris as a whole.

Notwithstanding, any issue concerning Dr. Duplantier's opinions and expertise is best reserved for cross-examination. In the United States Third Circuit opinion of *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777 (3rd Cir.1996), the court noted that under Rule 702 of the Federal Rules of Evidence, a physician may testify outside of his specialty. Evaluating whether the physician at issue could testify on matters concerning mesothelioma, despite the fact that he was not a pathologist or oncologist, the Third Circuit noted "because of our liberal approach to admitting expert testimony, most arguments about an expert's qualification relate more to the weight to be given the expert's testimony then to its admissibility." *Holbrook, 80 F.3d* at 782. Even if an expert is not the "best qualified" to testify on an issue, the witness' competency is related more to the weight that the trier of fact may afford to the testimony. *Id*. The Third Circuit also noted that the district court mistakenly restricted a physician from testifying within a particular specialty on certain matters as opposed to accepting more general qualifications in the field of medicine. *Id*.

The *Holbrook* matter was cited with approval by the United States Fifth Circuit in *Huss v. Gayden*, 571 F.3rd 442, 452 (5th Cir. 2009). In *Huss*, the United States Fifth Circuit explained that Rule 702 does not require every expert to be "highly qualified" in order to testify about an issue.

Any difference in his expertise bears "chiefly on the weight to be assigned to the testimony by the trier of fact." *Id*. Such is a matter for vigorous cross-examination, not exclusion. *Id*.

In *Huss*, the United States Fifth Circuit found that a Magistrate Judge committed error in excluding the testimony of a physician who testified regarding cardiomyopathy when he was neither a cardiologist or toxicologist. The United States Fifth Circuit concluded that the ruling excluding such testimony was an abuse of discretion as the *Daubert* standards are flexible, with the most important question being whether an expert is reliable, not whether an expert is the most qualified.

Similarly, the Western District of Texas ruled that "generally, a physician's knowledge, training, and education in the fields of medicine will be sufficient predicate to allow the physician to testify as to fields outside his area of specialty." *Lowery v. Spa Crafters, Inc.*, 2004 U.S.Dist. LEXIS 17313, p.*4 (W.D. Tex. Aug. 27, 2004) *United States v. Viglia,* 549 F.2d 335, 337 (5th Cir. 1977). In *Lowery*, plaintiff attempted to exclude the testimony of an orthopedist who presented an opinion that the plaintiff's "emotional and psychological condition" aggravated the plaintiff's right shoulder injury. The plaintiff specifically argued that the testifying orthopedist's opinions as to how the plaintiff's emotional situation may have impacted his ability to return to work was not proper for an orthopedist. The District Court acknowledged that the matter was best left for cross-examination and allowed the orthopedist to testify at trial.

**2. <u>The Expert Testimony of Ron Campana</u>**

Mr. Harris' assertions with respect to marine safety expert Capt. Ron Campana are equally unavailing. In the interest of efficiency, Florida Marine hereby incorporates the arguments made by Ingram Barge in their *Opposition to Claimant Dustin Harris' Motion In Limine to Exclude Expert Testimony* (Rec Doc. 83) as it pertains to Capt. Campana. As explained by Ingram, Capt.

Campana's experience in the marine industry more than qualifies him to testify on the matters addressed in his report.

**3. Conclusion**

Florida Marine respectfully requests that this court deny Dustin Harris' *Motion In Limine to Exclude Expert Testimony,* specifically the expert testimony of Dr. Neil Duplantier and Mr. Ron Campana. Dr. Duplantier is not being presented by Florida Marine as an expert in neurology, but rather, in orthopedics. At trial, he is not expected to assert any opinions related to neurological complaints. Instead, his testimony will be limited to those matters pertinent to his evaluation of Mr. Harris as a skilled and experienced orthopedist. Notwithstanding, any objection to his ability to testify on such matters is best reserved for cross examination. Further, Florida Marine adopts and incorporates Ingram's assertions with respect to the qualification and testimony of Capt. Campana. Accordingly, Harris' *Motion In Limine* as it pertains to Dr. Duplantier and Mr. Campana must and should be denied.

Respectfully submitted,

**STAINES, EPPLING & KENNEY, LLC**

*/s/ Corey P. Parenton*
**ANTHONY J. STAINES** (#12388)
**JASON R. KENNEY** (#29933)
**JAMES A. CROUCH, JR.** (#35729)
**COREY P. PARENTON** (#32918)
**EMILY STEVENS HARDING** (#27653)
3500 North Causeway Boulevard
Suite 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
*Counsel for FMT Industries, L.L.C., Florida Marine, LLC, Florida Marine Transporters, LLC and PBC Management, LLC*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record via the service method indicated below:

[ ] U.S. Mail
[ ] Facsimile
[x] Electronic Filing

This 21st day of May, 2024.

*/s/ Corey P. Parenton*