UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: THE MATTER OF                                             CIVIL ACTION
FMT INDUSTRIES, LLC ET AL.
                                                                                      No. 23-2388
                                                                                      c/w 23-2426
                                                                                      REF: ALL CASES

                                                                                      SECTION I

**ORDER & REASONS**

Before the Court is a motion[1] for partial summary judgment filed by third-party defendant PBC Management, LLC ("PBC Management"). Claimant Dustin Harris ("Harris") opposes the motion.[2] PBC Management filed a reply.[3] For the reasons that follow, the Court grants PBC Management's motion for summary judgment.

        **I.**      **BACKGROUND**

This matter arises out of a collision between the M/V CAROL MCMANUS, a vessel owned and operated by Ingram Barge Company, LLC ("Ingram"), and the M/V BIG D, a vessel owned by FMT Industries, L.L.C. and operated by Florida Marine, LLC (collectively, "Florida Marine").[4] Harris was employed by PBC Management as a deckhand aboard the M/V BIG D at the time of the collision.[5] Harris's complaint

---

[1] R. Doc. No. 111.
[2] R. Doc. No. 113.
[3] R. Doc. No. 114.
[4] Ingram and Florida Marine are collectively referred to as the "petitioners."
[5] R. Doc. No. 101 (this Court's previous order and reasons explaining the background of this matter), at 2.

alleges that he was seriously injured after suffering a fall caused by the collision.[6] Harris contends that his injuries were caused by the negligence of Ingram and Florida Marine, as well as the unseaworthiness of the M/V BIG D.[7] Harris also claims that he is entitled to maintenance and cure benefits.[8]

This Court recently issued an order granting summary judgment with respect to Harris's claims for negligence and unseaworthiness.[9] In that order, the Court explained that Harris had changed his allegations regarding the timing of the accident following the production of contrary video evidence.[10] However, even accepting Harris's new allegations, this Court stated that "Harris has provided no evidence that his injuries occurred during or right before the collision."[11] Furthermore, the video evidence demonstrating that there was not enough time for the accident to have occurred as Harris now suggested it had, the statements by the captain of the vessel, and the petitioners' expert's report entitled the petitioners' to summary judgment on Harris's Jones Act claim. Additionally, Harris conceded that the M/V BIG D was not unseaworthy at the time of the accident and, therefore, the Court granted summary judgment with respect to his unseaworthiness claim.[12]

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *See generally id.* The order also granted summary judgment with respect to claimant Robert Flynt's ("Flynt") claim for maintenance and cure. *Id.*
[10] *Id.* at 28.
[11] *Id.*
[12] *Id.* at 29.

In its present motion for partial summary judgment, PBC Management argues that Harris is not entitled to maintenance and cure because he cannot prove that his injury occurred while in service of the vessel.[13] PBC Management also notes that it has already paid maintenance and cure on behalf of Harris and nothing further is due.[14]

In response, Harris argues that it is clear that he suffered an injury while working aboard the M/V BIG D because of video footage from the vessel showing him walking with a limp while disembarking the M/V BIG D and because of his medical records reflecting treatment after he disembarked from the vessel.[15] Harris contends that he has met the slight burden of proof required for a maintenance and cure claim.[16]

In reply, PBC Management argues that Harris is merely attempting to repackage an issue that the Court has already decided.[17] PBC Management contends that the evidence demonstrates that the incident never occurred and there is no genuine issue of material fact.[18] PBC Management also argues that Harris did not respond to its argument that PBC Management has already paid $31,030.08 in maintenance and cure and that Harris has not demonstrated that he is entitled to anything further.

---

[13] R. Doc. No. 111-1, at 6.
[14] *Id.* at 10.
[15] R. Doc. No. 113, at 4.
[16] *Id.* at 5.
[17] R. Doc. No. 114, at 4.
[18] *Id.* at 7.

## II.     STANDARD OF LAW

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable

4

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the movant's story is "blatantly contradicted by the record"—including a videotape—such that "no reasonable jury could believe it," the court should "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007). If the nonmovant fails to meet its burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255. "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *JW Dev., LLC v. Indep. Specialty Ins. Co.*, No. CV 22-390, 2022 WL 3139133, at *1 (E.D. La. Aug. 5, 2022) (Africk, J.) (quoting *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017)).

### III.   ANALYSIS

The duty of maintenance and cure "obligates [maritime employers] to pay for the lost wages, medical care, food, lodging, and other incidental expenses of a mariner who falls ill or is injured while in the service of the vessel." *Johnson v. Cenac Towing,*

*Inc.*, 599 F. Supp. 2d 721, 726 (E.D. La. 2009) (Vance, J.). "The duty is practically absolute." *Id.* "Unlike an employer's duties under the Jones Act, for example, liability for maintenance and cure is 'in no sense . . . predicated on the fault or negligence of the shipowner." *Id.* (quoting *Aguilar v. Standard Oil Co. of N.J.*, 318 U.S. 724, 730 (1943)).

"Before a seaman can recover maintenance and cure, he must prove (1) that he was employed as a seaman[;] (2) that his injury occurred, was aggravated[,] or manifested itself while in the ship's service[;] (3) the wages to which he may be entitled[;] and (4) the expenditures or liability that he incurred for medicines, nursing care, board and lodging." *Messer v. Transocean Offshore USA, Inc.*, No. CIV.A.03-3287, 2005 WL 1400439, at *2 (E.D. La. June 6, 2005) (Vance, J.). While "the shipowner's duty to provide maintenance and cure is quite broad, the seaman, nonetheless, bears the burden of alleging and proving facts entitling him to be included within its scope." *Stewart v. Waterman S. S. Corp.*, 288 F. Supp. 629, 634 (E.D. La. 1968) (Boyle, J.), *aff'd*, 409 F.2d 1045 (5th Cir. 1969).

The Court notes that "in bench-trial cases[,] the district court has greater discretion to grant summary judgment." *Jones v. United States*, 936 F.3d 318, 323 (5th Cir. 2019). Specifically, the Court may "decide that the same evidence, presented to him [ ] as a trier of fact in a plenary trial, could not possibly lead to a different result." *Id.* (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 676 (5th Cir. 2010)).

6

As this Court discussed at length in a previous order, Harris "provided no evidence that his injuries occurred during or right before the collision" as he alleged.[19] In fact, Harris's allegations are plainly contradicted by the video evidence, his previous testimony, the vessel captain's statements, and the petitioners' expert's report.[20] Importantly, while Harris has presented evidence showing that he was injured at some point, he has not demonstrated that his injury occurred while in the service of the M/V BIG D as required to recover maintenance and cure. *See Reed v. Ensco Offshore Co.*, No. CIV.A.CV04-2034, 2008 WL 1733663, at *4 (W.D. La. Apr. 10, 2008) (explaining that the plaintiff was not entitled to maintenance and cure where the court found that the plaintiff was not injured during the alleged accident and the plaintiff provided no evidence of other accidents which could have caused his injuries).

Therefore, after considering all the evidence, the Court finds that PBC Management has demonstrated the absence of a genuine issue of material fact with respect to Harris's request for maintenance and cure and more specifically, whether Harris was injured as he alleged. In response, Harris did not present specific facts showing that there is a genuine dispute of material fact, and summary judgment is appropriate.[21]

---

[19] R. Doc. No. 101.
[20] *Id.* at 28–29.
[21] The Court also notes that Harris did not respond to PBC Management's argument that it has already paid $31,030.08 in maintenance and cure and that Harris has not established that anything more is due. Because the Court finds that Harris is not entitled to maintenance and cure as he has not demonstrated that he was injured in the service of the vessel, the Court need not address this argument.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that PBC Management's motion for partial summary judgment is **GRANTED**. Harris's claim for maintenance and cure is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Harris's and Flynt's motions[22] to bifurcate are **DISMISSED AS MOOT**.[23]

New Orleans, Louisiana, June 18, 2024.

                                                **LANCE M. AFRICK**
                                          **UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. Nos. 95, 96.

[23] Flynt settled his remaining claims. R. Doc. No. 105. Harris's only remaining claim was for maintenance and cure, which has been dismissed pursuant to this order. Accordingly, neither Flynt nor Harris have pending claims in this matter, and dismissal of their motions to bifurcate is now appropriate.